ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
VALERIE L. MAKAREWICZ CBN 229637
Assistant United States Attorney
  Room 7211, Federal Building
  300 North Los Angeles Street
  Los Angeles, CA  90012
  Telephone: (213) 894-2729
  Facsimile: (213) 894-0115

Attorneys for the United States of America

FILED
2012 MAY 22  AM 11:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV12-4437-JAK (RZx) |
| Plaintiff, | COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT, TO IMPOSE TRANSFEREE LIABILITY, AND TO SET ASIDE A FRAUDULENT TRANSFER |
| vs. | |
| UNIVOZ, INC.; RONALD H. SEMLER; LISA A. SEMLER; MONTE DEVIN SEMLER, A.K.A. M. DEVIN SEMLER; and THE RONALD AND LISA SEMLER FAMILY TRUST; | |
| Defendants. | |

The United States of America, by its undersigned counsel, for its complaint against the above-named defendants, alleges as follows:

### GENERAL ALLEGATIONS

1. This is a civil action brought by the United States to reduce federal tax assessments against defendant UNIVOZ INC. to judgment and to obtain a judgment imposing transferee liability against defendants RONALD H. SEMLER, LISA A. SEMLER, MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER, and THE RONALD AND LISA SEMLER

FAMILY TRUST (collectively referred to as "defendants SEMLER"), and alternatively, to set aside a fraudulent transfer of property from defendant UNIVOZ INC., to defendants SEMLER.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403, for the collection of federal taxes.

3. The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1340 and 1345.

4. Defendants SEMLER are former owners of UNIVOZ INC., who reside within the Central District of California. Defendant UNIVOZ INC. is a California corporation that did business in the Central District of California. Accordingly, venue for the complaint is within the Central District of California under 28 U.S.C. §§ 1391(b)(1) and 1396.

## THE PARTIES

5. Defendant RONALD H. SEMLER is made a party to this action as he was a part-owner and officer of UNIVOZ INC. Further, defendant RONALD H. SEMLER was a co-transferee of personal property from UNIVOZ INC., which personal property was subsequently transferred to himself while UNIVOZ INC. was indebted to the United States of America, Internal Revenue Service (IRS), for unpaid employment taxes (Forms 940 and 941) and civil penalty pursuant to 26 U.S.C. § 6721(e).

6. Defendant LISA A. SEMLER is made a party to this action as she was a part-owner and officer of UNIVOZ INC. Further, defendant LISA A. SEMLER was a co-transferee of personal property

2

(money) from UNIVOZ INC., which personal property was subsequently transferred by and to herself while UNIVOZ INC. was indebted to the IRS, for unpaid employment taxes (Forms 940 and 941) and civil penalty pursuant to 26 U.S.C. § 6721(e).

7. Defendant MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER is made a party to this action as he was a part-owner and officer of UNIVOZ INC. Further, defendant MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER was a co-transferee of personal property from UNIVOZ INC., which personal property was subsequently transferred to himself while UNIVOZ INC. was indebted to the IRS, for unpaid employment taxes (Forms 940 and 941) and civil penalty pursuant to 26 U.S.C. § 6721(e).

8. Defendant THE RONALD AND LISA SEMLER FAMILY TRUST is made a party to this action as it was a part-owner of UNIVOZ INC. Further, defendant THE RONALD AND LISA SEMLER FAMILY TRUST was a co-transferee of personal property from UNIVOZ INC., which personal property was subsequently transferred to it while UNIVOZ INC. was indebted to the United States of America, Internal Revenue Service (IRS), for unpaid employment taxes (Forms 940 and 941) and civil penalty pursuant to 26 U.S.C. § 6721(e).

## COUNT 1: TO REDUCE FEDERAL EMPLOYMENT TAX AND RELATED PENALTY ASSESSMENTS TO JUDGMENT

(Against defendant UNIVOZ, INC.)

9. On the following dates, a delegate of the Secretary of the Treasury made an assessments against defendant UNIVOZ INC. for the identified tax periods and in the amounts as stated:

| Tax | Tax Period | Date of Assessment | Amount of Assessment |
|---|---|---|---|
| 941 | 12/31/99 | 06/09/03 | $ 29,426.13 |
| 940 | 12/31/99 | 09/02/02; 05/12/03 | $ 1,318.98 |
| § 6721(e) penalty | 12/31/00 | 01/12/04 | $ 28,129.24 |
| 941 | 09/30/00 | 08/06/07 | $ 29,394.98 |
| 940 | 12/31/00 | 06/04/07 | $ 1,376.69 |

10. Despite timely notice and demand for payment of the assessments described above, UNIVOZ INC. neglected, failed or refused to pay the assessments, and there remains due and owing on the assessments the sum of $111,990.96, as of February 1, 2012, plus accrued but unassessed interest and penalties from the dates of assessment, and any other costs or additions, in accordance with applicable provisions of the Internal Revenue Code, Title 26, United States Code and as provided by law.

### COUNTS 2 and 3 : TO IMPOSE TRANSFEREE LIABILITY, or ALTERNATIVELY, SET ASIDE A FRAUDULENT TRANSFER OF PROPERTY

(Against defendants SEMLER)

11. UNIVOZ INC., a California corporation formed in 1999, was in the telecommunication and telephone services business, until it ceased operation in 2006.

12. In UNIVOZ INC.'s filings in 1999 with the California Secretary of State, defendant RONALD H. SEMLER was listed as the Chief Executive Officer and the Chief Financial Officer, defendant LISA A. SEMLER was listed as the Secretary, defendant MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER was listed as the President and registered agent of UNIVOZ INC., and defendants

1  RONALD H. SEMLER, LISA A. SEMLER, and MONTE DEVIN SEMLER, a.k.a.
2  M. DEVIN SEMLER were listed as directors.
3      13.   In 2004 through 2006, defendant MONTE DEVIN SEMLER,
4  a.k.a. M. DEVIN SEMLER was a shareholder of defendant UNIVOZ,
5  INC. In 2004 and 2006, and THE RONALD AND LISA SEMLER FAMILY
6  TRUST was a shareholder of defendant UNIVOZ, INC. Defendants
7  RONALD SEMLER and LISA SEMLER were shareholders of defendant
8  UNIVOZ, INC., in 2005.
9      14.   Pursuant to an employee re-classification audit of
10 defendant UNIVOZ INC. for the 1999 taxable year, in 2000, the
11 Employment Development Department (EDD) of the State of
12 California re-classified defendants RONALD H. SEMLER and MONTE
13 DEVIN SEMLER, a.k.a. M. DEVIN SEMLER, who were originally
14 classified as independent contractors of UNIVOZ, INC., to
15 employees of UNIVOZ, INC.
16     15.   Pursuant to the findings of the EDD audit, on October
17 10, 2002, the IRS issued a "Notice of Determination Concerning
18 Worker Classification under Section 7436" to defendant UNIVOZ
19 INC., wherein the IRS proposed increase of tax for 1999 relating
20 to UNIVOZ INC.'s Form 940 and 941 employment taxes.
21     16.   Defendant UNIVOZ INC. failed to respond to the
22 aforementioned Notice of Determination. Accordingly, UNIVOZ INC.
23 was assessed additional amounts with respect to its Form 940 (for
24 year ending 1999) and 941 employment taxes (for period ending
25 December 31, 1999), in the amounts and on the dates as enumerated
26 in paragraph 9, above.
27     17.   On or around January 12, 2004, defendant UNIVOZ INC.
28 was assessed a penalty pursuant to 26 U.S.C. § 6721(e) for its

failure to file Forms W-2 with the IRS for the period ending December 31, 2000.

18. On or around June 4, 2007, defendant UNIVOZ INC. filed a Form 940 with the IRS for the tax year ending December 31, 2000, and the IRS assessed the tax reported on said return on the same day.

19. Defendant UNIVOZ INC. failed to file a Form 941 for the tax period ending September 30, 2000. As such, the IRS prepared a return on behalf of UNIVOZ INC. pursuant to 26 U.S.C. § 6020(b) for said Form 941 employment taxes for the tax period ending September 30, 2000 on August 6, 2007.

20. On or around December 30, 2004, defendant LISA A. SEMLER issued a check on behalf of defendant UNIVOZ, INC., payable to defendant RONALD H. SEMLER in the amount of $600,000, which was deposited by defendant RONALD H. SEMLER into his account with Bank of America.

21. At or near the time of the issuance of the aforementioned check, said check was recorded in the general ledger of defendant UNIVOZ INC. as a distribution to UNIVOZ INC.'s shareholders, defendants MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER and THE RONALD AND LISA SEMLER FAMILY TRUST. On the Form 1120S, U.S. Income Tax Return for an S Corporation, for defendant UNIVOZ, INC. reported the transaction as a property distribution.

22. Later, in the 2005 general ledger of defendant UNIVOZ INC., the aforementioned check was re-characterized as loan to its shareholders, defendants MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER and THE RONALD AND LISA SEMLER FAMILY TRUST.

23. In 2006, according to the records of UNIVOZ INC., the aforementioned check was again re-characterized from a loan to the shareholders, back to a distribution to the shareholders, who at the time were defendants MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER and THE RONALD AND LISA SEMLER FAMILY TRUST. Accordingly, on the Form 1120, U.S. Income Tax Return for an S Corporation, for defendant UNIVOZ INC., for taxable year 2006 filed with the IRS, such distribution was reported as a property distribution. The aforementioned distribution that was finally settled on UNIVOZ, INC., Form 1120S for the year 2006 rendered UNIVOZ INC. insolvent.

24. No portion of the aforementioned distribution to the shareholders, defendants MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER or THE RONALD AND LISA SEMLER FAMILY TRUST was used to pay the outstanding tax liabilities of defendant UNIVOZ INC., as enumerated in paragraph 9, above.

25. The tax liabilities against UNIVOZ INC. in paragraph 9 above, arose (and several liabilities had been assessed) before the transfer of the aforementioned check by LISA A. SEMLER to defendants RONALD H. SEMLER, MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER, and THE RONALD AND LISA SEMLER FAMILY TRUST.

26. Defendant UNIVOZ INC. was insolvent at the time or became insolvent as a result of the distribution of the aforementioned funds by LISA A. SEMLER to defendants RONALD H. SEMLER , MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER, and THE RONALD AND LISA SEMLER FAMILY TRUST.

27. Defendant UNIVOZ INC., through its owners, officers, shareholders, and/or directors, transferred the $600,000 check by

1  defendant LISA A. SEMLER to defendants RONALD H. SEMLER, THE
2  RONALD AND LISA SEMLER FAMILY TRUST, and MONTE DEVIN SEMLER,
3  a.k.a. M. DEVIN SEMLER, without receiving reasonably equivalent
4  value in exchange for the transfer.
5      28.  Defendant UNIVOZ INC.'s transfer of the $600,000 check
6  by defendant LISA A. SEMLER to defendants RONALD H. SEMLER, THE
7  RONALD AND LISA SEMLER FAMILY TRUST, and MONTE DEVIN SEMLER,
8  a.k.a. M. DEVIN SEMLER, was constructively fraudulent as to its
9  creditors.
10     29.  Defendant UNIVOZ INC.'s transfer of the $600,000 check
11 by defendant LISA A. SEMLER to defendants RONALD H. SEMLER, THE
12 RONALD AND LISA SEMLER FAMILY TRUST, and MONTE DEVIN SEMLER,
13 a.k.a. M. DEVIN SEMLER was made with the actual intent to hinder,
14 delay, or defraud its creditors.  Defendant UNIVOZ INC.'s
15 transfer of the $600,000 check to defendants RONALD H. SEMLER,
16 THE RONALD AND LISA SEMLER FAMILY TRUST, and MONTE DEVIN SEMLER,
17 a.k.a. M. DEVIN SEMLER represented substantially all of defendant
18 UNIVOZ INC.'s assets at the time of the transfer.
19     30.  The United States of America may recover from the
20 defendants SEMLER, jointly and severally, the unpaid taxes of
21 defendant UNIVOZ INC. pursuant to the California Fraudulent
22 Transfer Act, section 3439, et. seq., in the amount of
23 $111,990.96, as of February 1, 2012, plus accrued but unassessed
24 interest and penalties from the dates of assessment, and any
25 other costs or additions, in accordance with applicable
26 provisions of the Internal Revenue Code, Title 26, United States
27 Code and as provided by law.
28 ///

**STATUTE OF LIMITATIONS RE: SETTING ASIDE A FRAUDULENT TRANSFER**

31. The statute of limitations to set aside a fraudulent transfer in this case has not expired.

32. Pursuant to 28 U.S.C. § 3306(a)(1), in an action or proceeding by the United States of America for relief against a transfer or obligation, the United States, subject to 28 U.S.C. § 3307 and to applicable principles of equity and in accordance with the Federal Rules of Civil Procedure, may obtain an avoidance of the transfer or obligation to the extent necessary to satisfy the debt to the United States.

33. Pursuant to 28 U.S.C. §§ 3304(a)(1)(A) and (B), a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation incurred if the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

34. Pursuant to 28 U.S.C. §§ 3304(b)(1)(A), a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation incurred, if the debtor makes the transfer or incurs the obligation with actual intent to hinder, delay, or defraud a creditor.

35. Pursuant to 28 U.S.C. § 3306(b)(2), a claim for relief with respect to a fraudulent transfer or obligation is extinguished unless action is brought under 28 U.S.C. § 3304(a)(1) within 6 years after the transfer was made or the

obligation was incurred. Likewise, pursuant to 28 U.S.C. § 3306(b)(1), a claim for relief with respect to a fraudulent transfer or obligation is extinguished unless action is brought under 28 U.S.C. § 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred, or if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant.

36. Here, the fraudulent transfer initially made on December 30, 2004, became final on February 22, 2007, the date upon which the 2006 Form 1120S for defendant UNIVOZ, INC., was filed with the Internal Revenue Service. In said 2006 Form 1120S, defendant UNIVOZ, INC., reported that the transfer of $600,000 from defendant UNIVOZ, INC., to defendant RONALD H. SEMLER that occurred on December 31, 2004, was indeed a distribution to the shareholders of defendant UNIVOZ, INC., who, at this time, were defendants THE RONALD AND LISA SEMLER FAMILY TRUST, and MONTE DEVIN SEMLER, a.k.a. M. DEVIN SEMLER.

37. Pursuant to 28 U.S.C. § 3306(b)(1) and (2), a claim for relief with respect to a fraudulent transfer or obligation must be brought within 6 years of the date the transfer was made (February 22, 2007), which would be February 22, 2013. For these reasons, this suit is being timely brought against defendants SEMLER to set aside the fraudulent transfer of the $600,000 from defendant UNIVOZ, INC., to defendants SEMLER.

Wherefore, the plaintiff United States of America prays that the Court:

A. Enter a money judgment in favor of the United States of America and against defendant UNIVOZ, INC. in the amount of

1 | $111,990.96, as of February 1, 2012, plus accrued but unassessed
2 | interest and penalties from the dates of assessment, and any
3 | other costs or additions, in accordance with applicable
4 | provisions of the Internal Revenue Code, Title 26, United States
5 | Code and as provided by law;

6 |     B.    Enter a money judgment in favor of the United States of
7 | America and against defendants RONALD H. SEMLER, LISA A. SEMLER,
8 | MONTE DEVIN SEMLER, A.K.A. M. DEVIN SEMLER, and THE RONALD AND
9 | LISA SEMLER FAMILY TRUST, jointly and severally, in the amount of
10 | $111,990.96, as of February 1, 2012, plus accrued but unassessed
11 | interest and penalties from the dates of assessment, and any
12 | other costs or additions, in accordance with applicable
13 | provisions of the Internal Revenue Code, Title 26, United States
14 | Code and as provided by law;

15 |     C.    Set aside the transfer of the property from defendant
16 | UNIVOZ, INC., to defendants MONTE DEVIN SEMLER, A.K.A. M. DEVIN
17 | SEMLER, and THE RONALD AND LISA SEMLER FAMILY TRUST to the extent
18 | necessary to satisfy the debt of defendant UNIVOZ, INC., to the
19 | United States of America, which as of February 1, 2012, was the
20 | amount of $111,990.96, plus accrued but unassessed interest and
21 | penalties from the dates of assessment, and any other costs or
22 | additions, in accordance with applicable provisions of the
23 | Internal Revenue Code, Title 26, United States Code and as
24 | provided by law; and

D. Award the United States of America its costs in connection with the prosecution and maintenance of this action, together with such other and further relief as is just and proper.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: 5/21/12

/s/ Valerie L. Makarewicz

VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV12- 4437 JAK (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ANDRÉ BIROTTE JR., U.S. Attorney
SANDRA BROWN, AUSA, Chief, Tax Division
VALERIE MAKAREWICZ (SBN 229637), AUSA
300 N. Los Angeles St., Rm. 7211, L.A., CA 90012
Tel: (213) 894-2729 Fax: (213) 894-0115
Email: Valerie.Makarewicz@usdoj.gov

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      PLAINTIFF(S)<br>v.<br>UNIVOZ, INC.; RONALD H. SEMLER; LISA A. SEMLER; MONTE DEVIN SEMLER, A.K.A. M. DEVIN SEMLER; and THE RONALD AND LISA SEMLER FAMILY TRUST;<br>                                      DEFENDANT(S). | CASE NUMBER<br><br>CV12-4437-JAK (RZx)<br><br><br>SUMMONS |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney VALERIE MAKAREWICZ_____, whose address is:

300 North Los Angeles Street, Room 7211
Los Angeles, CA 90012

an answer to the  ☒ complaint  ☐ _____amended complaint  ☐ counterclaim  ☐ cross-claim which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Dated: MAY 2 2 2012

Clerk, U.S. District Court

By: MARILYN DAVIS
     Deputy Clerk

(Seal of the Court)

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
UNIVOZ, INC.; RONALD H. SEMLER; LISA A. SEMLER; MONTE DEVIN SEMLER, A.K.A. M. DEVIN SEMLER; and THE RONALD AND LISA SEMLER FAMILY TRUST;

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
United States Attorney Office, VALERIE L. MAKAREWICZ, AUSA
300 N. Los Angeles St., Room 7211, Los Angeles, CA 90012
Tel: (213) 894-2729  Fax: (213) 894-0115

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. SECTIONS 7401 and 7403

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-4437**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 5/22/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |